# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| AMANUEL TESFAMICHEAL, | : | HABEAS CORPUS |
| A #024601636, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN, Atlanta City Detention | : | CIVIL ACTION NO. |
| Center, | : | 1:17-CV-5198-WSD-JFK |
|     Respondent. | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Petitioner, Amanuel Tesfamicheal, while detained in the Atlanta City Detention Center, in Atlanta, Georgia, filed this 28 U.S.C. § 2241 in which he challenges the constitutionality of his ongoing detention while awaiting removal from the United States. The matter is before the Court on the petition [1]; the return of mail as undeliverable, sent to Petitioner at his address of record [3]; and Respondent's motion to dismiss [4] on mootness grounds.

Petitioner challenges his ongoing detention and for relief asks the Court to "[g]rant . . . a writ of habeas corpus directing the Respondents to immediately release the Petitioner from custody, under reasonable conditions of supervision[.]" (Pet. at 7, ECF No. 1). Respondent states that this petition should be dismissed as moot because

Petitioner was released from detention on January 19, 2018. (Mot. to Dismiss at 1-2, ECF No. 4). Respondent also has provided a copy of Petitioner's January 19, 2018, order of supervision. (Resp't Ex. A, Attach. 1, ECF No. 4-1).

When there is no longer a case or controversy to litigate in a habeas corpus action, and a favorable decision on the merits would not entitle the petitioner to any additional relief, the habeas petition is moot. Soliman v. United States, ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002). Exceptions to mootness may exist if (1) there is a reasonable expectation that the same controversy will recur or (2) there remain potential collateral consequences to the challenged matter. U.S. ex rel. Graham v. U.S. Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984).

This action is moot because Petitioner has received the relief that he requested from this Court. Further, neither exception to the mootness doctrine applies. The record before the Court provides no reason to expect that Petitioner will violate his order of supervision and again be taken into detention. To the extent that Petitioner's conditions of release could be considered collateral consequences, the collateral consequences exception is nonetheless inapplicable because, as part of the relief that Petitioner sought from this Court, he explicitly requested to be released under reasonable conditions of supervision. There is no indication that his conditions of

2

release are other than standard/reasonable conditions. See 8 C.F.R. § 241.5 (governing conditions of release). Thus, this action must be dismissed as moot.

Further, the Court observes that the action is additionally subject to dismissal based on Petitioner's failure to provide the Court with his current address. Mail addressed to Petitioner at his address of record has been returned as undeliverable, and Petitioner has not notified the Court of his whereabouts. Local Rule 41.2 B provides that "[t]he failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice . . . ."

For the reasons stated above, it is **RECOMMENDED** that Respondent's motion to dismiss [4] be **GRANTED** and that this action be **DISMISSED** as moot.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED**, this 15th day of February, 2018.

/s/ Janet F. King
JANET F. KING
UNITED STATES MAGISTRATE JUDGE