# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMANUEL TESFAMICHEAL, Inmate No. 024601636, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, Atlanta City Detention Center, <br><br> Respondent. | 1:17-cv-5198-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [5] ("Final R&R") recommending granting Respondent's Motion to Dismiss [4] and dismissing the action as moot.

On December 15, 2017, Petitioner Amanuel Tesfamicheal ("Petitioner") filed his 28 U.S.C. § 2241 Motion [1] challenging the constitutionality of his detention while awaiting removal from the United States. On February 14, 2018, Respondent filed its Motion to Dismiss Petitioner's 28 U.S.C. § 2241 Motion on the grounds that it was moot because Petitioner was released from detention on January 19, 2018. ([4] at 1-2; see also [4.1]). On February 15, 2018, the

Magistrate Judge issued the Final R&R recommending granting the Motion to Dismiss.  No party filed objections.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  Where, as here, no parties filed objections to the Final R&R, the Court reviews it for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

When there is no longer a case or controversy to litigate in a habeas corpus action, and a favorable decision on the merits would not entitle the petitioner to any additional relief, the habeas petition is moot.  Soliman v. United States, ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002).  Exceptions to mootness may exist if (1) there is a reasonable expectation that the same controversy will recur or (2) there remain potential collateral consequences to the challenged matter.  U.S. ex rel. Graham v. U.S. Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984).

The Magistrate Judge concluded that this action is "moot because Petitioner [] received the relief he requested from this Court."  ([5] at 2).  The Magistrate Judge noted that neither exception to the mootness doctrine applies.  (Id.).  The

Magistrate Judge states that, "[t]o the extent that Petitioner's conditions of release could be considered collateral consequences, the collateral consequences exception is nonetheless inapplicable because, as part of the relief that Petitioner sought from this Court, he explicitly requested to be released under reasonable conditions of supervision." (Id.). The Magistrate Judge found finally that the action is additionally subject to dismissal because Petitioner failed to provide his address of record and Petitioner did not notify the Court of his whereabouts. (Id. at 3). The Court finds no plain error in the Magistrate Judge's findings or recommendation..

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Janet F. King's Final Report and Recommendation [5] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss [4] is **GRANTED** and this action is **DISMISSED AS MOOT**.

**SO ORDERED** this 21st day of June, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE